UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAJAH, INC., | Case No.: C 09-0580 JW (PVT) |
| Plaintiff, | **ORDER RE PARTIES' PROPOSED FORM OF PROTECTIVE ORDER** |
| v. | |
| STANACARD, LLC, | |
| Defendant. | |
| AND RELATED CROSS-ACTION | |

On October 21, 2009, the parties filed a Joint Stipulation and [Proposed] Protective Order. As drafted, the proposed form of order is not acceptable to the court.[1] Based on the form of order submitted,

IT IS HEREBY ORDERED that no later than January 8, 2010, the parties shall submit a revised form of order that tracks the language of the court's model form of protective order, with the

---

[1] Among other things, the proposed form of order: 1) does not limit protection to information that warrants protection under Federal Rules of Civil Procedure 26(c); 2) purports to allow a party to designate testimony at a court hearing "Confidential" without order of the judge presiding at the hearing; 3) in effect provides only an "Attorneys' Eyes Only" level of protection; 4) imposes an overly broad patent prosecution ban; 5) fails to require the parties to comply with Civil Local Rule 79-5 when seeking to file designated documents; and 6) does not impose an appropriate duty to avoid inadvertent disclosure of privileged information.

ORDER, *page 1*

following modifications:

    1.)    The parties may include in the protective order the procedures set forth in Paragraph 3 of their proposed form of order regarding the handling of computer source code, provided that the provision must make clear that only such source code that warrants protection under Federal Rules of Civil Procedure 26(c) is covered; and

    2.)    The parties may include a provision to govern the inadvertent disclosure of privileged or work product information that reads as follows:

> "Each party shall make efforts that are 'reasonably designed' to protect its privileged materials. *See Gomez v. Vernon*, 255 F.3d 1118, 1131-32 (9th Cir. 2001). What constitutes efforts that are reasonably designed to protect privileged materials depends on the circumstances; the law does not require 'strenuous or Herculean efforts,' just 'reasonable efforts.' *See, e.g., Hynix Semiconductor, Inc. v. Rambus, Inc*. 2008 WL 350641, *1–*2 (ND Cal., Feb. 2, 2008); *see also,* FED.R.CIV.PRO. 26(f)(3) advisory committee's notes to 2006 amendments (discussing the substantial costs and delays that can result from attempts to avoid waiving privilege, particularly when discovery of electronic information is involved). When a particular Rule 34 request requires a production or inspection that is too voluminous, expedited or complex (such as certain electronic productions) to allow for an adequate pre-production review, the parties may enter into non-waiver agreements for that particular production. If the requesting party is unwilling to enter into such an agreement, the Producing Party may move the court for a non-waiver order.
>
> "In the event that, despite reasonable efforts, a Producing Party discovers it has inadvertently produced privileged materials, then within 30 calendar days the Producing party shall notify the Receiving Party that the document(s) or materials should have been withheld on grounds of privilege. After the Receiving Party receives this notice from the Producing Party under this paragraph, the Receiving Party shall not disclose or release the inadvertently produced material to any person or entity pending resolution of the Producing Party's claim of privilege. The parties shall hold a meet and confer, as defined in Civil Local Rule 1-5(n), as soon as reasonably possible after a notice of inadvertent production. If the Producing Party and Receiving Party agree that the inadvertently produced material is privileged, and was disclosed despite efforts by the Producing Party that were 'reasonably designed' to protect the materials, then the Receiving Party shall return or certify the destruction of all copies (including summaries) of such material. If no agreement is reached, then within 10 court days after the meet and confer, the Producing Party must seek a ruling from this court to establish that the material is privileged and that the Producing Party did not waive the privilege by inadvertently producing the material. If the Producing Party seeks such a ruling, the Receiving Party shall not disclose or release the inadvertently produced material to any person or entity pending the court's ruling on the Producing Party's motion."

IT IS FURTHER ORDERED that, pending entry of the final form of protective order, the court's model form of protective order, as modified herein, shall govern the handling of confidential information exchanged or disclosed during discovery in this case.

IT IS FURTHER ORDERED that, in the event the parties want any other modifications to

the court's model form of protective order, they shall file a joint statement setting forth the reason(s) for the requested modification(s).

Dated: *12/18/09*

                                            PATRICIA V. TRUMBULL
                                            United States Magistrate Judge